UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PEREZ, HENRY
BASELICE, RALPH
BAYRON, JUAN
CORDERO, JERRY
EASON, RONALD
KOONCE, DONALD
ORO, JOSEPH
RIOS, RUBEN JR.
ROSADO, PEDRO
WALTHER, DEREK G. on behalf
of themselves and others similarly situated,

          Plaintiffs,

  v.

THE CITY OF NEW YORK, MICHAEL R. BLOOMBERG,
AS MAYOR and THE NEW YORK CITY DEPARTMENT
OF PARKS & RECREATION, ADRIAN BENEPE,
AS COMMISSIONER

          Defendants.

---------------------------------------------------------------X

**COMPLAINT**

ECF CASE

Civil Action No: 12 CIV 4914 AJN

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiffs, Henry Perez, Ralph Baseline, Juan Bayron, Jerry Cordero, Ronald Eason, Donald Koonce, Joseph Oro, Ruben Rios, Jr., Pedro Rosado, and Derek G. Walther, by and through their attorneys, Mary J. O'Connell, General Counsel, Steven E. Sykes and Jesse Gribben, of Counsel, complaining of defendants, the City of New York

1

("New York City") and the New York City Department of Parks & Recreation (hereinafter collectively referred to as "defendants"), state as follows:

## NATURE OF ACTION

1. Plaintiffs, and others similarly situated, are and at all times material herein, have been employed by defendants in the position of Associate Urban Park Ranger at the New York City Department of Parks & Recreation.

2. Plaintiffs seek declaratory judgment, the amount of their unpaid wages, unpaid overtime, punitive damages, liquidated damages, attorneys' fees, and other relief pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendants' willful and unlawful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, complained of herein.

## PARTIES

3. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). These written consent forms set forth each plaintiff's name and home address.

4. Each of the plaintiffs in this action while employed by defendants in the position of Associate Urban Park Ranger has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

5. As Associate Urban Park Rangers, plaintiffs primarily performed and continue to perform tasks which include, but are not limited to, patrolling City parks and park facilities, performing crowd control functions, enforcing compliance with City park rules and regulations and health and sanity codes, issuing summonses, making arrests,

2

providing safety and educational services to the public, and under direction, supervising subordinates in performing the same.

6. Plaintiffs do not qualify as exempt executive workers pursuant to 29 U.S.C.A. § 213(a)(1) because their primary duty is not management. While at times the plaintiffs direct the work of subordinate rangers, such supervision is incidental in relation to the plaintiffs' main duties. 29 CFR § 541.3(b)(1); 29 CFR § 541.3(b)(2).

7. Defendant New York City is, among other things, an incorporated municipality of the State of New York amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York 10007.

8. Defendant Michael Bloomberg is the mayor of the City of New York, and is named in this action in his official capacity as mayor of the City of New York.

9. Defendant New York City Department of Parks & Recreation is a mayoral agency duly organized and existing under the New York City Charter, and is amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The New York City Department of Parks & Recreation has its principal office located at Arsenal North, 1234 Fifth Avenue, New York, New York 10029.

10. Defendant Adrian Benepe is the Commissioner of the New York City Department of Parks & Recreation, and is named in this action in his official capacity as

Commissioner of the New York City Department of Parks & Recreation.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

13. At all times material herein, and since at least January 2009, the plaintiffs have worked within the New York City Department of Parks and Recreation for the defendants in the position of Associate Urban Park Ranger.

14. Within the last three years while working in the position of Associate Urban Park Ranger, plaintiffs have worked in excess of forty hours per week.

15. During the times plaintiffs have worked in excess of 40 hours in a week, defendants failed to provide plaintiffs with the rights and protections provided under the FLSA. Moreover, defendants have violated the FLSA, 29 U.S.C. §§ 207(a) and (o) through such actions as (1) suffering or permitting plaintiffs to work before and after their scheduled shifts and failing to compensate plaintiffs for such work activities (Ex. donning and doffing required uniform); (2) knowingly and willfully failing to pay plaintiffs overtime compensation when plaintiffs have worked beyond forty hours in any given workweek; (3) failing to pay the plaintiffs overtime compensation at time and a half, as opposed to straight time, when plaintiffs have worked beyond forty hours a week; (4) improperly converting plaintiffs' compensatory time off, earned in lieu of overtime compensation, into sick time at the conclusion of each fiscal year; and (5) improperly

designating compensatory time as "non-FLSA" compensatory time and failing to afford this earned compensatory time the protections of the FLSA.

## CLAIMS FOR RELIEF FOR VIOLATIONS OF THE
## FAIR LABOR STANDARDS ACT (FLSA)

16. Plaintiffs hereby incorporate by reference all preceding paragraphs of this complaint and repeat the allegations set forth therein.

17. Section 206 of the FLSA requires that no less than minimum wage be paid at an hourly rate to each employee who is engaged in or employed in an enterprise engaged in commerce or in the production of goods for commerce in any workweek.

18. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all work hours in excess of forty hours per week. Section 207(o) of the FLSA permits the limited use of compensatory time off as a substitute for cash compensation for overtime pay for public sector employees, but only under the terms and conditions prescribed by the FLSA, 29 U.S.C. § 207(o).

19. Section 207(o)(3)(A) of the FLSA provides that an employee performing a public safety activity, an emergency response activity, or a seasonal activity may not accrue more than 480 hours of compensatory time. Any employee who has accrued 480 hours shall be paid overtime compensation in cash for all additional overtime hours of work. 29 U.S.C. § 207(o)(3)(A).

5

20. Defendants willfully failed to compensate plaintiffs with at least the minimum wage hourly rate for the time they worked before and after their shifts, in violation of the FLSA, 29 U.S.C. § 206(a).

21. Defendants willfully failed to comply with the overtime pay requirements of the FLSA in the manners outlined herein and in particular in paragraph 15, in violation of the FLSA, 29 U.S.C. § 207.

22. By failing and refusing to pay the plaintiffs the overtime pay required under law, the defendants have violated, and are continuing to violate in a willful and intentional manner, the provisions of the FLSA. This action is brought to remedy the violations of the FLSA for the maximum period allowed under the law. At all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

23. As a result of the defendants' willful and purposeful violations of the FLSA, the plaintiffs are entitled to recover from defendants an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of the defendants, and the plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs, from which the amount of defendants' liability can be ascertained.

24. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to

pay overtime compensation. In addition, plaintiffs are entitled to an award of interest on their back pay damages until such damages are paid.

25.   Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

26.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, respectfully requests that this Court grant the following relief:

(a) Enter judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs punitive damages consistent with the claims herein;

(e) Award plaintiffs interest on their unpaid compensation;

(f) Award plaintiffs their reasonable attorneys fees to be paid by the defendants, and the costs and disbursements of this action; and

(g) Grant such other relief as may be just and proper.

Dated: June 18, 2012  
New York, New York

Respectfully Submitted,

MARY J. O'CONNELL  
General Counsel  
District Council 37, AFSCME, AFL-CIO  
Attorney for Petitioners  
125 Barclay Street—Room 510  
New York, NY 10007  
(212) 815-1450

By: _____  
Steven E. Sykes  
Senior Assistant General Counsel

By: _____  
Jesse Gribben  
Assistant General Counsel