UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------ x

PEREZ, HENRY
BASELICE, RALPH
BAYRON, JUAN
CORDERO, JERRY
EASON, RONALD
KOONCE, DONALD
ORO, JOSEPH
RIOS, RUEBEN JR.                                    12 Civ. 4914 (PAE)
ROSADO, PEDRO
WALTHER, DEREK G. on behalf of themselves and
others similarly situated,

                                          Plaintiffs,

                 v.

THE  CITY  OF  NEW  YORK,  MICHAEL  R.
BLOOMBERG, AS MAYOR and THE NEW YORK
CITY DEPARTMENT OF PARKS & RECREATION,
ADRIAN BENEPE, AS COMMISSIONER
                                          Defendants.

------------------------------------------------------------------ x


## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among the

Plaintiffs who commenced this action and/or timely consented to be party plaintiffs in the above-

captioned case, that is, the persons identified in Exhibit A attached hereto, and Defendants the

City of New York and Michael R. Bloomberg, as Mayor, on behalf of themselves and all other

New York City departments, commissions, agencies, predecessors, successors, officers, directors

and employees and agents (hereinafter collectively referred to as "Defendants"), and is based on

the following:

## I.   RECITALS

1.1   Plaintiffs are current or former employees of the New York City Department of Parks & Recreation employed in the civil service title Associate Urban Park Ranger ("AUPR") or who performed the work of an AUPR.  On June 22, 2012 or on a date thereafter, each Plaintiff commenced this action and/or filed with this Court his/her written consent-to-sue in the action entitled *Perez, et al. v. The City of New York*, Docket No. 12 Civ. 4914 (PAE) (the "Lawsuit").

1.2   Plaintiffs make certain allegations concerning their employment by Defendants regarding asserted failures to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "Released Claims").

1.3   Plaintiffs who are enumerated in Exhibit A and Defendants (hereinafter collectively referred to as the "Parties") have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these Plaintiffs' claims with prejudice.  The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.4   The Parties, through their counsel, will seek judicial approval of this Settlement Agreement.  In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, becomes null and void pursuant to its terms or otherwise fails to become effective for any reason specified herein, this Agreement will no longer have any effect and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.   PAYMENT AND DISTRIBUTION

2.1   In consideration for the terms, conditions and promises in this Agreement, Defendants, in accordance with paragraphs 2.2, 2.3, 2.4 and 2.5, shall pay or cause to be paid to Plaintiffs the total sum of one million seven hundred twenty-three thousand four hundred and ninety-six dollars ($1,723,496.00), plus reasonable attorney's fees and/or costs that are separately

agreed to by the Parties or awarded by the Court after the Court's approval of the proposed settlement, minus any deduction(s) from an individual Plaintiff's amount for any liens, judgments or wage garnishments that exist as against that Plaintiff, each such deduction to be made first from the amount paid as liquidated damages and then from the amount paid as back pay if the amount of liquidated damages deducted was insufficient to satisfy the lien, judgment or wage garnishment, to resolve all claims for FLSA damages allegedly accruing on or after June 22, 2009 to the date this Agreement is entered into by the Parties ("the Settlement Amount"). The Settlement Amount shall be allocated among the individual Plaintiffs as back pay and as liquidated damages as per the amounts set forth in Exhibit A. The Settlement Amount shall be distributed to Plaintiffs as follows: (1) a separate check payable to each individual Plaintiff constituting liquidated damages in the amount specified in Exhibit A for that Plaintiff, less any deductions for liens, judgments or wage garnishments against that particular Plaintiff ("the Liquidated Damages Amount") with each such check to be delivered by hand to the offices of Gladstein, Reif & Meginniss at 817 Broadway, Sixth Floor, New York, New York 10003; and (2) a separate payroll check to each individual Plaintiff constituting back pay for the time period June 22, 2009 to the date this agreement is executed in the amount specified in Exhibit A for that Plaintiff, less all applicable deductions and withholdings, including applicable pension deductions, if any ("the Back Pay Amounts"). For plaintiffs currently employed by the New York City Department of Parks and Recreation, each individual Back Pay Amount shall be paid by separate direct deposit where so authorized by said Plaintiff and by separate check payable to that Plaintiff where not so authorized, each such check to be delivered to the corresponding Plaintiff payee in the same manner as payroll checks are normally delivered to that Plaintiff. For plaintiffs not currently employed by the New York City Department of Parks and Recreation, Defendants shall make the Back Pay payment to each Plaintiff by separate check payable to that Plaintiff, each such check to be delivered by hand to the offices of Gladstein, Reif & Meginniss at 817 Broadway, Sixth Floor, New York, New York 10003. The amounts paid to Plaintiffs as described herein shall operate to compromise, settle and satisfy the Released Claims and the claims for liquidated damages related to the Released Claims.

In the event Defendants intend to make a deduction from a payment to an individual Plaintiff for or on account of a lien, judgment or order of garnishment, Defendants, not less than ten (10) business days before such deduction, shall deliver to Gladstein, Reif & Meginniss LLP at the foregoing address the name of each such Plaintiff, the amount of the deduction contemplated and a copy of each lien, judgment or order of garnishment on which Defendants would rely to make such a deduction. Plaintiffs shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including a Substitute W-9 form completed by each Plaintiff. A blank Substitute W-9 form is annexed hereto as Exhibit B.

2.2     At least three (3) days prior to the fairness hearing scheduled in connection with this Settlement Agreement, Plaintiffs will provide Defendants, in writing, with a chart identifying each Plaintiff for whom pension contributions shall be taken from that Plaintiff's Back Pay Amount and the amount of that Plaintiff's Back Amount attributable, for pension purposes only, to each year from 2009 to 2017 or the year in which that Plaintiff ceased performing work in the AUPR title, whichever came first.  For any Plaintiff not identified on the chart provided by Plaintiffs to Defendants, no pension contributions shall be taken from that Plaintiff's Back Pay Amount.  At least one (1) day prior to the fairness hearing scheduled in connection with this Settlement Agreement, the parties will submit this chart to the Court.  The parties agree that the chart referenced in this paragraph and submitted to the Court in advance of the fairness hearing will be incorporated into this Agreement upon the issuance of an Order from the Court approving this Agreement.

2.3     The monies owed to a Plaintiff under this Settlement Agreement shall be paid to that Plaintiff within 90 days of the date of Defendants' receipt of all documents necessary to effect payment of the amounts outlined in this Agreement, including an Order from the Court finally approving this Agreement and a completed Substitute W-9 from each Plaintiff.

2.4     Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs.  The entry by the Parties into this Settlement Agreement is without prejudice to an application for an award to Plaintiffs/Plaintiffs' attorneys for an award of attorney's fees and costs.  Plaintiffs and

4

Defendants agree to attempt to resolve the matter of reasonable attorneys' fees and costs between themselves after approval of this Settlement Agreement by the Court. If successful in this effort, the Parties shall execute and file an additional stipulation of settlement as to attorneys' fees and costs within twenty-one (21) days of the entry of an order approving the substantive settlement. If they are unable to do so within that time, Plaintiffs may file a motion for an award of attorney's fees and costs within fifty (50) days of the entry of an order approving this Agreement.

2.5    Defendants shall timely deliver to each Plaintiff a W-2 form reflecting each payment to that Plaintiff as back pay under Paragraph 2.1 in this Agreement. Defendants shall timely deliver to each Plaintiff a Miscellaneous 1099 form reflecting payment to that Plaintiff as liquidated damages under Paragraph 2.1 in this Agreement. Each Plaintiff agrees (s)he will be responsible for his or her individual tax liability associated with the payments(s) made to him or her under this agreement for liquidated damages. Each Plaintiff agrees that (s)he shall indemnify and hold harmless Defendants in the event of any dispute concerning whether taxes are owed by that Plaintiff on the liquidated damages portion of the settlement.


III.    **RELEASE AND COVENANT NOT TO SUE**

3.1    All Plaintiffs for themselves, and their agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendants, their present or former officers, directors, employees, agents, attorneys, accountants, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their official capacities, from all overtime claims asserted in the Lawsuit arising up to and including the date of the parties' entry into this Settlement Agreement.

3.2    All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all released claims as set forth in Paragraph 3.1 above, with full knowledge of any and

5

all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

3.3   Each Plaintiff understands and agrees that to the fullest extent permitted by law, (s)he is precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the allegations in the Released Claims for the time period beginning three (3) years prior to the date (s)he commenced this action or the date (s)he filed a Consent to Sue form, whichever came first, through the date the parties enter into this Settlement Agreement.  They agree not to file or pursue any such claim or action for the Released Claims.  Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies.  Each Eligible Plaintiff is waiving, however, any right to monetary recovery should any agency pursue any claims on his/her behalf with respect to the allegations in the Released Claims for the time period beginning three (3) years prior to the date (s)he commenced this action or the date (s)he filed a Consent to Sue form, whichever came first, through the date the parties enter into this Settlement Agreement.

3.4   All Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement; and that he/she has been advised to consult with an attorney.

3.5   Notwithstanding the aforementioned, the parties agree that nothing contained in this Settlement Agreement waives or otherwise alters any rights Plaintiffs may have under a collective bargaining agreement to challenge policies or practices, including but not limited to uninterrupted lunch breaks and voluntary overtime travel time practices.

IV.   **DISMISSAL OF CLAIMS**

4.1   Plaintiffs agree to dismissal of all claims asserted in the Lawsuit against Defendants as specified in paragraph 3.1, with prejudice in accordance with the jointly proposed form of

Judgment of Dismissal with Prejudice annexed hereto as Exhibit C. The parties agree to entry of such a Judgment of Dismissal With Prejudice without notice upon approval of the settlement. The parties further agree that following written notification to the Court that the parties have reached an agreement regarding attorneys' fees and costs or following the issuance of a decision by the Court as to fees and costs as contemplated in Paragraph 2.4, a judgment as to such fees and costs should also be entered.

## V.     NO ADMISSION OF LIABILITY

5.1    Defendant does not admit any allegations made against it in any charges, complaints, grievances or Lawsuits currently pending between the Parties. Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

## VI.    CONTINUED JURISDICTION

6.1    The U.S. District Court for the Southern District of New York shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant actions.

## VII.   PARTIES' AUTHORITY

7.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the parties hereto to the terms and conditions hereof. The Parties anticipate that the Court will hold a fairness hearing concerning this Settlement Agreement before the Honorable Judge Paul A. Engelmayer. Within five (5) business days of the Court setting a date for a fairness hearing concerning this Settlement Agreement, Plaintiffs' counsel shall mail to each Plaintiff a notice approved by the Court consisting of: (1) the date, time and location of the fairness hearing; (2) the Back Pay Amount and Liquidated Damage Amount for that Plaintiff; (3) a summary of the terms of the Settlement Agreement; (4) the method by which a Plaintiff can object to the Settlement Agreement; and (5) such other information as the Court may require. Plaintiffs' counsel will provide Defendants with a copy of the proposed notice

7

prior to submitting said notice to the Court for approval.  To object to the settlement, a Plaintiff must submit to the Court, in writing, at least three business days in advance of any fairness hearing scheduled by the Court, any objection(s) thereto and the reason(s) for the objection(s). Any Plaintiff timely submitting such Objection(s) and Reason(s) may, but need not, present his/her Objection(s) and Reason(s) orally at the fairness hearing.

7.2   All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and said Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VIII.   MUTUAL FULL COOPERATION

8.1   The parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.   ENFORCEMENT ACTIONS

9.1   In the event that one or more of the parties to this Settlement Agreement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of said Agreement and the party instituting that proceeding prevails thereon, the party instituting the proceeding shall be entitled to recover from the opposing party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## X.   MODIFICATION

10.1   This Settlement Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.

## XI.   ENTIRE AGREEMENT

11.1   This Settlement Agreement and its attachment constitute the entire agreement between the parties concerning the subject matter hereof.  This Settlement Agreement may not

be modified in any respect except by a writing signed by the Parties or counsel authorized to represent them.  In the event of any conflict between said Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling, except as otherwise provided herein.

XII.     **CHOICE OF LAW/JURISDICTION**

12.1  This Settlement Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, except to the extent a federal statute may govern, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

[remainder of page left intentionally blank]

## XIII.   <u>VOIDING THE AGREEMENT</u>

13.1  In the event this Settlement Agreement, or any amended version agreed upon by the parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

Dated: New York, New York
      November **17**, 2017

Dated: New York, New York
      November **17**, 2017

**GLADSTEIN, REIF AND
  MEGINNISS, LLP**
Attorneys for Named and Opt-in Plaintiffs
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Municipal Defendants
100 Church Street, Room 2-104
New York, New York 10007
(212) 356-4015

By: _James Reif_

By: _a O'Con_
          Andrea O'Connor
         Assistant Corporation Counsel

SO ORDERED:

_____
Hon. Paul A. Engelmayer

# EXHIBIT A

EXHIBIT A

| Plaintiff | Overtime Pay | Liquidated Damages | Total |
|---|---|---|---|
| Arriola, Steven | $5,569 | $5,569 | $11,138 |
| Baselice, Ralph | $11,220 | $11,220 | $22,440 |
| Bayron, Juan | $12,973 | $12,973 | $25,946 |
| Berdecia, Gina | $10,239 | $10,239 | $20,478 |
| Besom, Elizabeth | $8,983 | $8,983 | $17,976 |
| Brace, Alena | $4,194 | $4,194 | $8,388 |
| Brooks, Jasmine | $8,437 | $8,437 | $16,874 |
| Brown, Chatory | $3,765 | $3,765 | $7,530 |
| Carrillo, Mario | $3,655 | $3,655 | $7,310 |
| Charlemagne, Kervin | $7,297 | $7,297 | $14,594 |
| Charles, Jamal | $0 | $0 | $0 |
| Colon, Destiny | $23,060 | $23,060 | $46,120 |
| Cordero, Jerry | $23,055 | $23,055 | $46,110 |
| Corrao, Sunny | $26,312 | $26,312 | $52,624 |
| Cruz, Brenda | $9,675 | $9,675 | $19,350 |
| Davis, Donette | $5,394 | $5,394 | $10,788 |
| Deleon, Jacqueline | $428 | $428 | $856 |
| Eason, Ronald | $9,367 | $9,367 | $18,734 |
| Edusei, Jeffrey | $18,413 | $18,413 | $36,826 |
| Fisher, Earl | $17,257 | $17,257 | $34,514 |
| Galgano, Christopher | $6,591 | $6,591 | $13,182 |
| Green, Robert | $448 | $448 | $896 |
| Greenberg, Matthew | $2,449 | $2,449 | $4,898 |
| Guzman, William | $5,030 | $5,030 | $10,060 |
| Handy, Eric | $13,069 | $13,069 | $26,138 |
| Harris, Asha | $14,894 | $14,894 | $29,788 |
| Harris, Tanisha | $2,152 | $2,152 | $4,304 |
| Hawkins, Dana | $4,551 | $4,551 | $9,102 |
| Henderson, Cheriese | $17,692 | $17,692 | $35,384 |
| Hendricks, Samuel | $24,738 | $24,738 | $49,476 |
| Hernandez, Iris | $18,208 | $18,208 | $36,416 |
| Hill, Eunice | $8,093 | $8,093 | $16,186 |
| Howell, Andrew | $6,402 | $6,402 | $12,804 |
| Johnson, Adrienne | $13,871 | $13,871 | $27,742 |
| Johnson, Rasheem | $8,077 | $8,077 | $16,154 |
| Joseph, Barthel | $10,688 | $10,688 | $21,376 |
| Kelly, Aliah | $16,935 | $16,935 | $33,870 |
| Knowles, Lori | $14,533 | $14,533 | $29,066 |
| Koonce, Donald | $18,766 | $18,766 | $37,532 |
| Langston, Bruce | $16,175 | $16,175 | $32,350 |
| Lawrence, Sandra | $27,299 | $27,299 | $54,598 |

| | | | |
|---|---|---|---|
| Lener, Paige | $4,266 | $4,266 | $8,532 |
| Lewis, Darlene | $4,106 | $4,106 | $8,212 |
| Lilley-Alston, Jayme | $14,844 | $14,844 | $29,688 |
| Mason, Michele | $9,900 | $9,900 | $19,800 |
| McKen, Aston | $1,963 | $1,963 | $3,926 |
| Mercado, Nancy | $15,621 | $15,621 | $31,242 |
| Oro, Joseph | $24,303 | $24,303 | $48,606 |
| Perez, Henry | $12,447 | $12,447 | $24,894 |
| Perez, Ruthie | $11,922 | $11,922 | $23,844 |
| Phillips, Tiffani | $16,584 | $16,584 | $33,168 |
| Pierre, Kiaran | $6,947 | $6,947 | $13,894 |
| Poelz-Giga, Marlena | $9,517 | $9,517 | $19,034 |
| Ragoonanansingh, Jennifer | $7,743 | $7,743 | $15,486 |
| Ramos, Hilario | $8,781 | $8,781 | $17,562 |
| Ramos, Raquel | $2,582 | $2,582 | $5,164 |
| Reed, Earline | $700 | $700 | $1,400 |
| Rios, Ruben | $8,732 | $8,732 | $17,464 |
| Rosado, Pedro | $16,891 | $16,891 | $33,782 |
| Sadler, Tashawna | $749 | $749 | $1,498 |
| Sainte, Roc | $9,960 | $9,960 | $19,920 |
| Sanchez, Domingo | $22,966 | $22,966 | $45,932 |
| Seyfried, Elijah | $4,430 | $4,430 | $8,860 |
| Shulyar, Ruslan | $1,028 | $1,028 | $2,056 |
| Simon, Robert | $28,697 | $28,697 | $57,394 |
| Small, Roxann | $15,508 | $15,508 | $31,016 |
| Spies, Laura | $3,709 | $3,709 | $7,418 |
| St. Louis, Charles | $9,777 | $9,777 | $19,554 |
| Tobel, Vladis | $1,815 | $1,815 | $3,630 |
| Torres, Jessica | $7,643 | $7,643 | $15,286 |
| Vazquez, Gabriel | $16,872 | $16,872 | $33,744 |
| Velilla, Mercedes | $29,274 | $29,274 | $58,548 |
| Ventura, Richard | $15,259 | $15,259 | $30,518 |
| Vidal, Renso | $947 | $947 | $1,894 |
| Walther, Derek | $16,616 | $16,616 | $33,232 |
| Wickert, Robin | $11,029 | $11,029 | $22,058 |
| Williams, Tammy | $10,139 | $10,139 | $20,278 |
| Yancey, Davina | $14,943 | $14,943 | $29,886 |
| Yu, Stanley | $2,586 | $2,586 | $5,172 |
| | $861,748 | $861,748 | $1,723,496 |

EXHIBIT B

| DO NOT SUBMIT TO THE IRS - SUBMIT FORM TO THE NEW YORK CITY AGENCY 10/14 REVISION | THE CITY OF NEW YORK SUBSTITUTE FORM W-9: REQUEST FOR TAXPAYER IDENTIFICATION NUMBER & CERTIFICATION | *FMS* |
|---|---|---|

*TYPE OR PRINT INFORMATION NEATLY. PLEASE REFER TO INSTRUCTIONS FOR MORE INFORMATION.*

## Part I: Vendor Information

| 1. Legal Business Name: (As it appears on IRS EIN records, IRS Letter CP575, IRS Letter 147C -or- Social Security Administration Records, Social Security Card) | 2. If you use DBA, please list below: |
|---|---|

3. Entity Type (Check one only):

☐ Church or Church-Controlled Organization      ☐ Personal Service Corporation

☐ Non-Profit Corporation      ☐ Corporation/ LLC      ☐ Government      ☐ City of New York Employee      ☐ Individual/ Sole Proprietor      ☐ Trust

☐ Joint Venture      ☐ Partnership/ LLC      ☐ Single Member LLC (Individual)      ☐ Resident/Non-Resident Alien      ☐ Non-United States Business Entity      ☐ Estate

## Part II: Taxpayer Identification Number & Taxpayer Identification Type

1. Enter your TIN here: *(DO NOT USE DASHES)*

2. Taxpayer Identification Type (check appropriate box):

☐ Employer ID Number (EIN)      ☐ Social Security Number (SSN)      ☐ Individual Taxpayer ID Number (ITIN)      ☐ N/A (Non-United States Business Entity)

## Part III: Vendor Addresses

| | Number, Street, and Apartment or Suite Number | City, State,and Nine Digit Zip Code or Country |
|---|---|---|
| 1. 1099 Address: | | |
| 2. Account Administrator Address: | | |
| 3. Billing, Ordering & Payment Address: | | |

## Part IV: Exemption from Backup Withholding and FATCA Reporting (See Instructions)

Exemption Code for Backup Withholding _____      Exemption Code for FATCA Reporting _____

## Part V: Certification

Under penalties of perjury, I certify that:
1. The number shown on this form is my correct Taxpayer Identification Number, and
2. I am not subject to Backup Withholding because: (a) I am exempt from Backup Withholding, or (b) I have not been notified by the IRS that I am subject to Backup Withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to Backup Withholding, and
3. I am a US citizen or other US person, and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Sign Here:

_____      _____      _____
Signature      Phone Number      Date

_____      _____      _____
Print Preparer's Name      Phone Number      Contact's E-Mail Address:

### FOR SUBMITTING AGENCY USE ONLY

Submitting Agency Code: ___|___|___      Contact Person: _____

Contact's E-Mail Address: _____      Telephone Number: ( )_____

Payee/Vendor Code: ___|___|___|___|___|___|___|___|___ — ___|___|___|___

*DO NOT FORWARD W-9 TO COMPTROLLER'S OFFICE. AGENCIES MUST ATTACH COMPLETED W-9 FORMS TO THEIR FMS DOCUMENTS.*

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------------ x
PEREZ, HENRY
BASELICE, RALPH
BAYRON, JUAN
CORDERO, JERRY
EASON, RONALD
KOONCE, DONALD
ORO, JOSEPH
RIOS, RUEBEN JR.
ROSADO, PEDRO
WALTHER, DEREK G. on behalf of themselves and
others similarly situated,

                                              Plaintiffs,

                        v.                                    12 Civ. 4914 (PAE)

THE   CITY   OF   NEW   YORK,   MICHAEL   R.
BLOOMBERG, AS MAYOR and THE NEW YORK
CITY DEPARTMENT OF PARKS & RECREATION,
ADRIAN BENEPE, AS COMMISSIONER
                                              Defendants.

------------------------------------------------------------------------ x


## (PROPOSED FORM OF) JUDGMENT OF DISMISSAL WITH PREJUDICE

This case having come before the Court upon the joint request of Plaintiffs and

Defendants, the Court having been advised of and considered the Settlement Agreement, dated

_____, entered into by and among Plaintiffs and Defendants and the Plaintiffs (including those

who have filed consent-to-sue forms) having been notified in writing of the Settlement

Agreement, of the scheduled hearing to determine whether said Agreement should be approved

and the date, time and place thereof and of their right to object thereto in whole or part and the

procedure therefor, through a mailing to the Plaintiffs by first class mail of a Notice in a form

approved by the Court, the Court having conducted a hearing as scheduled in open court on the

fairness of the Settlement Agreement and considered all such objections thereto properly

presented to the Court, now, upon the joint application of Plaintiffs and Defendants, by their Attorneys, seeking review and approval by the Court thereof, and the entire record therein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The terms of the Settlement Agreement entered into between the parties to the instant action are approved and adopted, the Court recognizing that there has been and there is no admission of liability by Defendants, same being expressly denied, but the Court concluding that said Agreement resulted from arm's length settlement negotiations and reflects a fair, reasonable, and appropriate compromise deemed in the best interests of the parties thereto, and in accordance with law.

2.      Consistent with the Settlement Agreement, this action is hereby dismissed with respect to the Plaintiffs, with prejudice, except that the Plaintiffs shall retain the right to file an application for attorney's fees and costs as provided in the Settlement Agreement. The Court hereby retains jurisdiction over the parties to the Agreement for the purpose of interpretation and compliance with the Agreement and this Judgment of Dismissal with Prejudice.


SO ORDERED:

_____
Hon. Paul A. Engelmayer