UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

HENRY PEREZ, RALPH BASELICE, JUAN
BAYRON, JERRY CORDERO, RONALD EASON,
DONALD KOONCE, JOSEPH ORO, RUBEN
RIOS, JR., PEDRO ROSADO, DEREK G. WALTER,
and ELIZABETH KAY BESOM, on behalf of
themselves and others similarly situated,

                      Plaintiffs,

      -versus-                                    12 Civ. 4914 (PAE)

THE CITY OF NEW YORK, MAYOR BILL DE
BLASIO, and VERONICA WHITE, in her official
capacity as Commissioner of the Department of Parks
& Recreation,

                      Defendants.
-----------------------------------------------------------------------x

|  |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 1/26/2018 |

## ~~PROPOSED FORM OF~~ ORDER APPROVING SETTLEMENT OF COLLECTIVE ACTION

WHEREAS, (a) the Parties engaged in months of discovery, (b) the Named Plaintiffs were granted leave to maintain a collective action on their own behalves and on behalf of other persons each of whom had been employed by the New York City Department of Parks & Recreation, had performed work as an Associate Urban Park Ranger ("AUPR") and had filed with the Court a consent to become a party plaintiff represented by the Named Plaintiffs (Doc. 167), (c) the Court of Appeals issued its decision vacating the partial summary judgment in favor of Defendants and the order directing closure of the case and remanding for further proceedings, (d) this Court granted in part and denied in part the balance of Defendants' motion for partial summary judgment, and (e) thereafter, the Parties negotiated a settlement of this collective action set forth in the Settlement Agreement (Doc. 214-1);

WHEREAS, on November 20, 2017, the Parties filed a joint motion for approval of the settlement reflected in the Settlement Agreement and for related relief;

WHEREAS, on November 21, 2017, this Court scheduled a hearing for January 26, 2018 at 11 am in Courtroom 1305 of the Thurgood Marshall United States Courthouse, approved with modifications and additions a Notice of Settlement of Collective Action and established deadlines of January 8, 2018 and January 12, 2018, respectively, for the filing of objections to the proposed settlement, and for the filing of memoranda on the proposed settlement;

WHEREAS, this Court held a fairness hearing on January 26, 2018, as scheduled, no Plaintiff filed an objection to the settlement within the deadline for doing so and no objection was voiced at the January 26 hearing;

NOW, having considered the joint motion for approval of the settlement, and all other papers submitted in support thereof, the oral argument presented at the January 26 hearing and the full record in this matter, for the reasons set forth herein and/or stated on the record at the January 26 hearing, and for good cause shown,

IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto and over all Parties.

2. The Court finds that the Notice of Settlement of Collective Action, as approved by the Court, included a fair summary of the terms of the Settlement Agreement, advised Plaintiffs of the time, place and date of the fairness hearing, the right to object to any part(s) of said Agreement and the procedure and deadline for making such objection(s).

3. The Court finds that said Notice as approved by the Court was mailed to each Plaintiff on or before November 28, 2017, by first class mail postage prepaid at that Plaintiff's last known street address, and that on or before the same date, said Notice was also sent to Alena Brace and to Elizabeth Kay Besom, the two Plaintiffs living outside the United States by email addressed to each's current email address.

4. The Court further finds that the service of said Notice as set forth above constituted the best notice practicable under the circumstances, was accomplished in all material respects and met fully all due process and other legal requirements.

5. This Court grants the Parties' joint motion for approval of the Settlement Agreement and approves the settlement as set forth therein. The Court finds that said settlement is fair, reasonable and adequate in all respects. The Court specifically finds that the settlement is rationally related to the strength of the claims and defenses in this case, given the risk, expense, complexity and duration of further litigation. The factors for evaluating the substantive fairness of a settlement of a collective action, including factors identified in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, strongly weigh in favor of approval of the settlement. The Court further notes that no part of the aggregate settlement sum will go toward payment of costs and/or attorney's fees. The Parties have agreed that costs and attorney's fees shall be determined entirely separate from and subsequent to the Parties' negotiation of the Settlement Agreement and its approval thereof by the Court. Thus 100% of the aggregate settlement sum will be allocated and distributed to the Named and Opt-In Plaintiffs in accordance with the allocation plan applicable to all Plaintiffs.

6. The Court further finds that the plan for allocating among the Plaintiffs the aggregate settlement sum is rationally related to the relative strengths and weaknesses of

3

Plaintiffs' claims and the defenses asserted thereto. Accordingly, the payment of the aggregate settlement sum shall be made according to the allocation set forth in the Settlement Agreement.

7. The Court finds that the proposed settlement is procedurally fair because it was reached through arm's length negotiations between experienced counsel after said counsel had evaluated the merits of the claims and defenses through factual and legal investigation based upon significant discovery and with the benefit of the Court of Appeals' decision in *Perez v. City of New York*, 832 F.3d 120 (2d Cir. 2016), and this Court's decision in its September 27, 2017 Opinion & Order. (Doc. 167). *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

8. The Court also finds that the collective's reaction to the settlement was positive. No Named or Opt-In Plaintiff objected to the settlement.

9. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement, overseeing the distribution of settlement funds, and resolving any application that may be made by Plaintiffs and/or their attorneys for awards of costs and attorney's fees. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 26th day of January, 2018.

_____
Hon. Paul A. Engelmayer
United States District Judge